888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory BUTTLER, a/k/a Trevor G. Whittingham, Defendant-Appellant.
 No. 89-5143.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 22, 1989.
Decided Oct. 19, 1989.
 
 Michael Steven Arif on brief for appellant.
 Liam O'Grady, United States Attorney, on brief for appellee.
 Before DONALD RUSSELL, K.K. HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gregory Buttler, a/k/a Trevor G. Whittingham, was convicted by a district court jury of possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). He appeals, contending solely that there is insufficient evidence to sustain the conviction. The evidence consists of, among other things, the testimony of Angelic Jemerson, Mark Thompson, and police officers who made the arrest and interrogated Buttler. According to this evidence, Buttler and his girlfriend, Jemerson, shared a motel room for several days. On the day of Buttler's arrest, Jemerson, on Buttler's instructions, picked up nearly one pound of cocaine and delivered it to their motel room. After the cocaine was delivered, Buttler and Jemerson engaged in an altercation during which Jemerson stabbed Buttler in the back and fled--carrying the cocaine. She left the area driving her automobile and was chased by Buttler driving his automobile. After the cars halted, Police Officer Siegel and Lieutenant Dooley arrived on the scene, and, after searching Jemerson's car, discovered the cocaine, together with drug paraphernalia, including plastic baggies, rubber gloves, and electronic scales. During a search subsequent to the arrest, approximately $10,000 in cash was found on Buttler. Thompson testified that Buttler was a regular cocaine dealer, distributing the drug to up to thirty dealers in the Washington, D.C. area on a regular basis during 1988.
 
 
 2
 It is clear that the jury's verdict was based on evidence sufficient to prove that Buttler knowingly possessed the cocaine with the intent to distribute it. Glasser v. United States, 315 U.S. 60, 80 (1942); Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Samad, 754 F.2d 1091 (4th Cir.1984). The judgment of the district court, therefore, is affirmed. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 3
 AFFIRMED.